IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

KHAVAL STEWART,

    Plaintiff,

v.                               CIVIL NO.: WDQ-11-1269

SANTANDER CONSUMER
USA INC, et al.,

    Defendants.

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Khaval Stewart sued Santander Consumer USA, Inc. ("Santander") and Renaissance Recovery Solutions LLC ("Renaissance") for violating the Fair Debt Collection Practices Act[1] ("FDCPA"), and other claims. For the following reasons, Santander's motion to dismiss will be granted in part, and Stewart's motions to amend the complaint and for alternative service on Renaissance will be granted. Stewart's motions for summary judgment and declaration of bad faith will be denied.

---

[1] 15 U.S.C. §§ 1692c, et seq. (2006).

I.   Background[2]

In 2006, Stewart bought a 2003 Nissan Pathfinder from Lanham Ford under a retail installment contract. Def.'s Mot. to Dismiss Ex. A. Lanham Ford assigned the installment contract to DC Financial Services of America, *id.*, and Stewart made monthly payments to CitiFinancial Auto until September 2010, when Santander notified Stewart that it had acquired the loan, Compl. lns. 43-44.

Stewart asked Santander to provide proof that CitiFinancial had assigned it the loan. *Id.* at lns. 50-54, 61-64. Santander responded with an affidavit listing companies whose debt Santander services, and continued to send Stewart a monthly bill. *Id.* at lns. 82-86. Stewart stopped paying CitiFinancial, and made no payments to Santander until October 12, 2010, when he paid $405.27, the amount of his monthly payment. *Id.* at lns. 101-103; Def's Mot. to Dismiss 5. Santander called Stewart several times after he missed payments, including one morning at 7:35 AM. Compl. lns. 78-79.

Stewart sent cease and desist letters to Santander on October 27, 2010, Compl. lns. 144-45, and November 26, 2010,

---

[2] For the motion to dismiss, the well-pled allegations in Stewart's complaint are accepted as true. *See Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). For Stewart's motion for summary judgment, the Defendants' evidence "is to be believed, and all justifiable inferences are to be drawn in [their] favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S. Ct. 2505, 91 L.Ed.2d 202 (1986).

Def.'s Mot. to Dismiss, 6; Compl. ln. 167. Santander acknowledged receiving the second letter and promised not to call Stewart again. Compl., Ex. J.

On November 15, 2010, Santander sent Stewart a letter telling him that Santander intended to repossess his car because Stewart had missed the September 25 and October 25 payments, and Santander had not received Stewart's November 25, 2010 payment. Compl. Ex. G. On January 7, 2011, at 11:30 PM, Renaissance repossessed Stewart's car for Santander. *Id.* at lns. 354-60. Stewart told Renaissance that the debt was disputed. *Id.* at ln. 361. Renaissance continued the repossession with the permission of police officers Stewart had called to the scene. *Id.* at lns. 370-79. One police officer yelled to Stewart that he "should have paid [his] car payment" in front of his neighbors who had gathered to watch the repossession. *Id.* at lns. 392-95. The repossession and debt appear on Stewart's credit report. *Id.* at lns. 408-09.

On January 31, 2011, the Maryland Motor Vehicle Administration ("MVA") gave Santander a repossession title in the name of DC Financial.[3] *Id.* at lns. 575-77; Pl.'s Mot. in Supp. of Summ. J., Ex. X-13. On February 17, 2011, Stewart

---

[3] On August 23, 2011, the MVA determined that the repossession title had been issued in error and agreed to reinstate Stewart's registration and title. Pl.'s Mot. in Supp. Of Summary Judgment, Ex. X-13.

recovered his damaged car from Renaissance. Compl. at lns. 513-18.

Stewart alleges that his college grades fell below a D average, he lost sleep and his chance for employment, and gained weight because of Santander's attempts to collect his car payments. Compl. lns. 674-703.

On May 6, 2011, Stewart sued Santander and Renaissance alleging that they had violated the FDCPA, 15 U.S.C. §§ 1692-1692p, the Maryland Fair Debt Collection Practices Act, Md. Code. Ann., Commercial Law § 14-202 (West 2010), and had committed fraud, extortion, theft, and Intentional Infliction of Emotional Distress. ECF No. 1. On June 21, 2011, Santander moved to dismiss. ECF No. 4. On July 13, 2011, Stewart moved for leave to file an amended complaint, for summary judgment, and to amend his motion for summary judgment. ECF Nos. 14-16. On August 3, 2011, Stewart moved for alternative service on Renaissance. ECF No. 22. ECF No. 21. On August 25, 2011, Stewart moved for a declaration that Santander violated Fed. R. Civ. P. 56(h). ECF No. 25.

II. Analysis

    A.    Standards of Review

        1.    Amending the Pleadings

Under Fed. R. Civ. P. 15(a)(1), a party may amend its pleading once as a matter of course within 21 days after serving

4

it or 21 days after service of a Fed. R. Civ. P. 12(b) motion. Afterwards, a party may amend only if the opposing party gives written consent, or the Court permits the amendment. The Court will allow amendment when justice requires, and may consider such factors as prejudice to the other parties. *Arthur v. Maersk, Inc.*, 434 F.3d 196, 202-03 (3rd Cir. 2006) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Consent will not be given if the proposed amendment is clearly futile. *Equal Rights Ctr. V. Niles Bolton Assocs.*, 602 F.3d 597, 603 (4th Cir. 2010); *Adorno v. Crowley Towing & Transp. Co.*, 443 F.3d 122, 126 (1st Cir. 2006). The Court will determine futility under the standard of Fed. R. Civ. P. 12(b)(6). *Adorno*, 443 F.3d at 126.

2. Motion to Dismiss

Under Fed. R. Civ. P. 12(b)(6), an action may be dismissed for failure to state a claim upon which relief can be granted. Rule 12(b)(6) tests the legal sufficiency of a complaint, but does not "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006).

The Court bears in mind that Rule 8(a)(2) requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." *Midgal v. Rowe Price-Fleming Int'l Inc.*, 248 F.3d 321, 325-26 (4th Cir. 2001). Although Rule 8's

notice-pleading requirements are "not onerous," the plaintiff must allege facts that support each element of the claim advanced. *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 764-65 (4th Cir. 2003). These facts must be sufficient to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

This requires that the plaintiff do more than "plead[] facts that are 'merely consistent with a defendant's liability'"; the facts pled must "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009)(quoting *Twombly*, 550 U.S. at 557). The complaint must not only allege but also "show" that the plaintiff is entitled to relief. *Id.* at 1950. "Whe[n] the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Id.* (internal quotation marks omitted).

3. Summary Judgment

Under Rule 56(a), summary judgment "shall [be] grant[ed] . . . if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In considering the motion, "the judge's function is not . . . to weigh the evidence

and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248.

The Court must "view the evidence in the light most favorable to . . . the nonmovant, and draw all reasonable inferences in h[is] favor," *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 645 (4th Cir. 2002), but it also must abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial," *Bouchat v. Balt. Ravens Football Club, Inc.*, 346 F.3d 514, 526 (4th Cir. 2003) (citation and internal quotation marks omitted).

    4.    Alternative Service

Under Fed. R. Civ. P. 4(h)(1)(A), process on a corporation or unincorporated association may be served by "following state law for serving a summons brought in courts of general jurisdiction in the state where the district court is located." *Id.* 4(e)(1). In Maryland, if a party proves by affidavit that "good faith efforts to serve the defendant [in person or by certified mail] have not succeeded," and there is no evidence that the defendant has evaded service, the Court may order service by any appropriate means. Md. R. P. 2-121(c).

5. Fed. R. Civ. P. 56(h).

Under Fed. R. Civ. P. 56(h), a party that submits a rule 56 affidavit in bad faith or solely for delay may be: (1) ordered to pay its opponent's reasonable expenses incurred as a result of the delay, (2) held in contempt, or (3) subjected to other sanctions.

B. Stewart's Motion to Amend the Complaint

Stewart may not amend the Complaint under Fed. R. Civ. P. 15(a)(1), as too much time has passed.[4] Santander has not opposed Stewart's motion to amend. Def.'s Resp. to Pl.'s Mot. for Leave to Amend, 1. Thus, Santander has consented to the amendment under Fed. R. Civ. P. 15(a)(2). Renaissance has not given written consent to amend because it has not been served with the Complaint, Pl.'s Mot. for Alternative Service; it will not be harmed by an amendment. *See Arthur*, 434 F.3d at 202-03. Accordingly, the Court will allow Stewart to file an Amended Complaint.[5]

---

[4] Stewart moved to amend on July 13, 2011, ECF No. 14, well over 21 days after he filed the Complaint--on May 6, 2011--ECF No. 1, and 23 days after Santander moved to dismiss--on June 21, ECF No. 4.

[5] The Court need not determine the futility of amendment because Santander has consented to it.

C.   Santander's Motion to Dismiss[6]

Santander moved to dismiss Stewart's FDCPA claims for failure to state a claim.[7] Def.'s Mot. to Dismiss, 1. The Court construes Pro Se complaints liberally, *Laber v. Harvey*, 438 F.3d 404, 413 n.3 (4th Cir. 2006), and treats documents attached to and filed with a Pro Se complaint as part of the complaint, *see Baldwin v. LIJ N. Shore Health Sys.*, 392 F. Supp. 2d 479, 481 (E.D.N.Y. 2005).

To state a claim under the FDCPA, a plaintiff must allege that the defendant is a debt collector, and show that the plaintiff was in default when the defendant began servicing his loans. *Brumberger v. Sallie Mae Servicing Corp.*, 84 F. App'x 458, 459 (5th Cir. 2004). Santander argues that Stewart failed to state a claim because Santander is not a debt collector under

---

[6] Santander's motion for summary judgment and Stewart's motion to dismiss will be considered as directed against the Amended Complaint because it alleges no new grounds for recovery: it merely removed state-law claims and changed the basis of subject matter jurisdiction from diversity to federal question. *See Baldwin v. LIJ N. Shore Health Sys.*, 392 F. Supp. 2d 479, 481-82 (E.D.N.Y. 2005) (court may treat motions as directed at proposed amended complaints to promote judicial efficiency if fair to the parties); *Levy v. Lerner*, 853 F. Supp. 636, 638 (E.D.N.Y. 1994). To the extent that Santander's motion to dismiss responds to the IIED claim in the original Complaint, and moves to dismiss for lack of subject matter jurisdiction based on diversity jurisdiction, it will be denied as moot.

[7] Stewart argues that Santander's motion should be denied as untimely. Pl.'s Resp. to Mot. to Dismiss, 1. The motion was less than one week late, and Stewart has not claimed prejudice resulted from the delay. *See id.* The motion will not be denied on these grounds.

9

the statute. Def.'s Mem. in Support of Mot. to Dismiss, 9. The FDCPA defines a debt collector as "any person who uses any instrumentality of interstate commerce . . . in any business the principal purpose of which is the collection of any debts." 15 U.S.C. § 1692a(6). It excludes "any person collecting or attempting to collect any debt owed or due . . . to the extent such activity . . . concerns a debt which was not in default at the time it was obtained by such person." Id. § 1692a(6)(F)(iii).

Santander argues that Stewart had not defaulted on the debt when Santander acquired it. Def.'s Mem. in Supp. of Mot. to Dismiss, 9. Neither the original nor Amended Complaint alleges that Santander is a debt collector, or that Stewart was in default when Santander began servicing the loan.[8] See Compl.; Pl.'s Mot. for Leave to Amend. Compl., ex. 1. Because Stewart failed to allege that Santander is a debt collector, the court will dismiss the FDCPA claims without prejudice.

Santander did not address Stewart's criminal law and Fourth and Fifth Amendment claims in the motion to dismiss. Those

---

[8] Stewart made this argument in his response to Santander's motion to dismiss, Pl.'s Resp. to Mot. to Dismiss, 18-19, but the Complaint lacks such an allegation, see Compl. Even construing the Complaint liberally, this claim must be dismissed. The Court would consider evidence of the default on a summary judgment motion because the Court may consider materials in the record not cited in a motion for summary judgment. Fed. R. Civ. P. 56(c)(3).

claims will be dismissed with prejudice in the interest of judicial economy because none of the criminal laws cited created private causes of action,[9] and Stewart has not alleged that Santander is a state actor.[10]

D.   Stewart's Motion for Summary Judgment

Stewart's motion for summary judgment will be mooted by the dismissal of the complaint and will be denied.[11]  Even if the motion were not moot, it would be denied because there are genuine disputes of material fact.  Stewart must establish that Santander was a debt collector, as defined in the FDCPA, to succeed on his FDCPA claims.  *Brumberger*, 84 F. App'x at 459.

Stewart has referred to a letter from CitiFinancial that his account was overdue in August 2011, to show that he was in default when Santander began servicing the loan.  Pl.'s Resp. to Mot. to Dismiss, 19.  Santander disputes this assertion and

---

[9] Stewart lists 18 U.S.C. §§ 641, 892, 894, 1001, 1028, 1341, 1343, 1951, 1952.

[10] *See Jensen v. Conrad*, 570 F. Supp. 91, 99-100 (D.S.C. 1983) (court may raise, *sua sponte*, viability of a plaintiff's claim when failure to state a claim is clear) *aff'd* 747 F.2d 185 (4th Cir. 1984); *Perez v. Ortiz*, 849 F.2d 793, 797 (2d Cir. 1988) (*sua sponte* dismissals are appropriate in cases involving frivolous allegations); 5B Charles Alan Wright & Arthur R. Miller, Federal Practice And Procedure § 1367, 410 (3d ed. 2004) (court may dismiss a complaint for failure to state a claim *sua sponte* if procedure is fair to the parties).

[11] Stewart moved to amend his motion for summary judgment before Santander responded.  ECF No. 16. Santander addressed its opposition to both motions, ECF No. 19, mooting the issue.

11

disputes Stewart's allegations that Santander was not a lawful assignee of the installment contract, and Santander stole Stewart's car and changed the ownership on the title without verifying its security interest. Def.'s Resp. to Mot. for Summ. J., 3. Santander's affidavit satisfies Fed. R. Civ. P. 56(d). The motion for summary judgment will be denied.

    E.    Stewart's Motion for Alternative Service

Stewart asked the Court to order alternative service of process because Renaissance refused service by certified mail. Stewart has not provided an affidavit showing that service by certified mail was unsuccessful, see Fed. R. Civ. P. 4(e)(1); Md. R. P. 2-121(c), but the record shows that the Marshal returned the summons unexecuted, ECF No. 8. The Clerk will be directed to mail Stewart the U.S. Marshal service of process form, and Stewart will have 21 days to return it to the Clerk with the alternative address.

    F.    Stewart's Motion for Declaration of Bad Faith

Stewart asked the Court to declare that the affidavit of Santander's counsel, supporting its Response to Stewart's Motion for Summary Judgment, has been submitted in bad faith in violation of Fed. R. Civ. P. 56(h). ECF No. 25. Santander did

not respond, but submitted a signed copy of the affidavit in question.[12] ECF No. 26.

Stewart argued that Santander's counsel Kimberly Manuelides, lied in her affidavit when she said she had personal knowledge of the litigation and that Santander needed more time to collect evidence. Pl.'s Mot. for Aff. at 5. There is no reason to doubt that, as Santander's counsel, Manuelides had personal knowledge of Santander's activities in the litigation. Manuelides does not claim personal knowledge of events before litigation began. See Aff. of Kimberley A. Manuelides.

Stewart has not supported his claim that the defendants will find no evidence to oppose his claims. See Pl.'s Mot. for Aff. at 2. There is no evidence that Santander filed the affidavit as a delaying tactic. Stewart's motion will be denied.

III. Conclusion

For the reasons stated above, Stewart's motions to amend the Complaint and for alternative service, and Santander's

---

[12] Stewart noted that the affiant had not signed the copy filed with the response. Defs.' Resp. in Opp. to Mot. for Summ. J. Ex. 1. As Santander has corrected that problem, Stewart's argument is moot.

motion to dismiss, will be granted. Stewart's motions for summary judgment and declaration of bad faith will be denied.

__10/5/11__
Date

_/s/ William D. Quarles, Jr._
William D. Quarles, Jr.
United States District Judge