## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
## (NORTHERN DIVISION)

| | | |
|---|---|---|
| KHAVAL STEWART, | * | |
| Plaintiff, | * | |
| v. | * | CASE NO.:  11-cv-01269-WDQ |
| SANTANDER CONSUMER USA INC., et al., | * | |
| | * | |
| Defendants. | | |

## ANSWER TO SECOND AMENDED COMPLAINT AND COUNTERCLAIM

Santander Consumer USA, Inc. ("Santander"), by its undersigned counsel, hereby answers the Plaintiff's Second Amended Complaint and states:

1.      Santander denies it is incorporated under the laws of New York or Maryland and that its principal office is located in New York, New York. The remaining allegations referenced in Paragraph 1 of Plaintiff's Second Amended Complaint are not allegations of fact, but are Plaintiff's legal conclusions, to which no response is required. The remaining allegations referenced in Paragraph 1 of Plaintiff's Second Amended Complaint are also directed at other parties, and no response is required.

2.      The allegations set forth in Paragraph 2 of Plaintiff's Second Amended Complaint are not allegations of fact, but are Plaintiff's legal conclusions, to which no response is required.  To the extent Paragraph 2 is construed to set forth allegations of fact, the allegations are denied.

3.      The allegations set forth in Paragraph 3 of Plaintiff's Second Amended Complaint are not allegations of fact, but are Plaintiff's legal conclusions, to which no

response is required.  To the extent Paragraph 3 is construed to set forth allegations of fact, the allegations are denied.

4.      The allegations set forth in Paragraph 4 of Plaintiff's Second Amended Complaint are not allegations of fact, but are Plaintiff's legal conclusions, to which no response is required.  To the extent Paragraph 4 is construed to set forth allegations of fact, the allegations are denied.

5.      The allegations set forth in Paragraph 5 of Plaintiff's Second Amended Complaint are not allegations of fact, but are Plaintiff's legal conclusions, to which no response is required.  To the extent Paragraph 5 is construed to set forth allegations of fact, the allegations are denied.

6.      Santander admits only that it maintains an address at 8585 N. Stemmons Freeway, Suite 100, North Dallas Texas, 75247.  The remaining allegations referenced in Paragraph 6 of Plaintiff's Second Amended Complaint are not allegations of fact, but are Plaintiff's legal conclusions, to which no response is required.  The remaining allegations referenced in Paragraph 6 of Plaintiff's Second Amended Complaint are also directed at other parties, and no response is required.

### Summary of Charges

0.0.    (*For consistency purposes, Santander has followed the numbering used by Plaintiff's Second Amended Complaint*).  The allegations set forth in Paragraph 0.0 of Plaintiff's Second Amended Complaint are not allegations of fact, but are Plaintiff's legal conclusions, to which no response is required.  To the extent Paragraph 0.0 is construed to set forth allegations of fact, the allegations are denied.

0.1.    Santander states that no "Exhibit X-13" was attached to Plaintiff's Second Amended Complaint and therefore, Santander cannot admit or deny any allegations relating to "Exhibit X-13." The allegations set forth in Paragraph 0.1 of Plaintiff's Second Amended Complaint are not allegations of fact, but are Plaintiff's legal conclusions, to which no response is required. To the extent Paragraph 0.1 is construed to set forth allegations of fact, the allegations are denied.

0.2.    The allegations set forth in Paragraph 0.2 of Plaintiff's Second Amended Complaint are not allegations of fact, but are Plaintiff's legal conclusions, to which no response is required. To the extent Paragraph 0.2 is construed to set forth allegations of fact, the allegations are denied.

## STATEMENTS OF FACT

0.3.    The allegations set forth in Paragraph 0.3 of Plaintiff's Second Amended Complaint are directed at other parties, and no response is required. To the extent the allegations are directed at Santander, the allegations set forth in Paragraph 0.3 of Plaintiff's Second Amended Complaint are not allegations of fact, but are Plaintiff's legal conclusions, to which no response is required. To the extent Paragraph 0.3 is construed to set forth allegations of fact, Santander lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 0.3. The Exhibits, which are cross-referenced in Paragraph 0.3, are not attached to the Second Amended Complaint, but the terms of which will speak for themselves.

0.4.    The allegations set forth in Paragraph 0.4 of Plaintiff's Second Amended Complaint are not allegations of fact, but are Plaintiff's legal conclusions, to which no response is required. To the extent Paragraph 0.4 is construed to set forth allegations of

fact, the allegations are denied. The Exhibits, which are cross-referenced in Paragraph 0.4, are not attached to the Second Amended Complaint, but the terms of which will speak for themselves.

0.5.    The allegations set forth in Paragraph 0.5 of Plaintiff's Second Amended Complaint are not allegations of fact, but are Plaintiff's legal conclusions, to which no response is required.

1.    Santander states that no "Exhibit C" was attached to Plaintiff's Second Amended Complaint.  However, to the extent Plaintiff's "Exhibit C" refers to the Exhibits submitted with his initial Complaint, Santander admits only that "Exhibit C" appears to be a copy of Welcome letter which Santander admits was sent to Plaintiff, the terms of which speak for themselves.  The remaining allegations set forth in Paragraph 1 of Plaintiff's Second Amended Complaint are not allegations of fact, but are Plaintiff's legal conclusions, to which no response is required.  To the extent Paragraph 1 is construed to set forth allegations of fact, the allegations are denied.

1.1.    The allegations referenced in Paragraph 1.1 of Plaintiff's Second Amended Complaint are not allegations of fact, but are Plaintiff's legal conclusions, to which no response is required.  To the extent the allegations referenced in Paragraph 1.1 are construed to set forth factual allegations, those allegations are denied.  The Exhibits, which are cross-referenced in Paragraph 1.1, are not attached to the Second Amended Complaint, but the terms of which will speak for themselves.  Santander lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations relating to his communications with CitiFinancial or any of its representatives, and they are therefore denied.

1.2.     Santander states that no "Exhibit C" was attached to Plaintiff's Second Amended Complaint.   However, to the extent Plaintiff's "Exhibit C" refers to the Exhibits submitted with his initial Complaint, Santander admits only that "Exhibit C" appears to be a copy of Welcome letter sent from Santander, the terms of which speak for themselves.  The remaining allegations set forth in Paragraph 1.2 of Plaintiff's Second Amended Complaint are not allegations of fact, but are Plaintiff's legal conclusions, to which no response is required.   To the extent Paragraph 1.2 is construed to set forth allegations of fact, the allegations are denied.

2.     The allegations set forth in Paragraph 2 of Plaintiff's Second Amended Complaint  are not allegations of fact, but are Plaintiff's legal conclusions, to which no response is required.   To the extent Paragraph 2 is construed to set forth allegations of fact, the allegations are denied.

2.1.     The allegations referenced in Paragraph 2.1 of Plaintiff's Second Amended Complaint are not allegations of fact, but are Plaintiff's legal conclusions, to which no response is required.   To the extent Paragraph 2.1 is construed to set forth allegations of fact, the allegations are denied.

2.2.     Santander admits only that it communicated with the Office of the Commissioner of Financial Regulation regarding Plaintiff's account.  Santander further states that it does not have any record of contacting Plaintiff on September 25, 2011 at 7:35 a.m., therefore the allegation is denied.  To the extent the allegations in Paragraph 2.2 imply wrongdoing on the part of Santander, those allegations are denied.  Santander also lacks sufficient knowledge or information to form a belief as to the truth or falsity

for remaining of the allegations referenced in Paragraph 2.2, and they are therefore denied.

2.3.     Santander specifically states that it does not have any record of contacting Plaintiff on September 25, 2011 at 7:35 a.m., therefore the allegation is denied.  The remaining allegations referenced in Paragraph 2.3 of Plaintiff's Second Amended Complaint are not allegations of fact, but are Plaintiff's legal conclusions, to which no response is required.  To the extent Paragraph 2.3 is construed to set forth allegations of fact, the allegations are denied.

3.     The allegations in Paragraph 3 of Plaintiff's Second Amended Complaint are denied.  The Exhibits, which are cross-referenced in Paragraph 3, are not attached to the Second Amended Complaint, but the terms of which will speak for themselves.

3.1.     Santander admits only that it sent Plaintiff the document titled "Affidavit of Fact."  The remaining allegations referenced in Paragraph 3.1 of Plaintiff's Second Amended Complaint are not allegations of fact, but are Plaintiff's legal conclusions, to which no response is required.  To the extent the allegations referenced in Paragraph 3.1 are construed to set forth factual allegations, those allegations are denied.  The Exhibits, which are cross-referenced in Paragraph 3.1, are not attached to the Second Amended Complaint, but the terms of which will speak for themselves.

3.2.     The allegations in Paragraph 3.2 of Plaintiff's Second Amended Complaint are denied.  The Exhibits, which are referenced in Paragraph 3.2, are not attached to the Second Amended Complaint, but the terms of which will speak for themselves.

4.      Santander admits only that Santander received payment on Plaintiff's account on or about October 10, 2010 in the amount of four hundred and five dollars and twenty seven cents ($405.27) and that this payment was never returned.  The remaining allegations in Paragraph 4 of Plaintiff's Second Amended Complaint are not allegations of fact, but are Plaintiff's legal conclusions, to which no response is required.  To the extent Paragraph 4 references allegations that imply wrongdoing on the part of Santander, those allegations are denied.  The Exhibits, which are cross-referenced in Paragraph 4, are not attached to the Second Amended Complaint, but the terms of which will speak for themselves.

4.1.    See Santander's Response to Paragraph #4 to Plaintiff's Second Amended Complaint.

4.2.    The allegations in Paragraph 4.2 of Plaintiff's Second Amended Complaint are not allegations of fact, but are Plaintiff's legal conclusions, to which no response is required.  To the extent Paragraph 4.2 is construed to set forth allegations of fact, the allegations are denied.

5.      Santander admits it received a purported "cease and desist" letter from Plaintiff, but denies the alleged dates of such communication.  The remaining allegations in Paragraph 5 of Plaintiff's Second Amended Complaint are not allegations of fact, but are Plaintiff's legal conclusions, to which no response is required.   To the extent Paragraph 5 is construed to set forth allegations of fact, the allegations are denied.  The Exhibits, which are referenced in Paragraph 5 are not attached to the Second Amended Complaint, but the terms of which will speak for themselves.

5.1.    The allegations in Paragraph 5.1 of Plaintiff's Second Amended Complaint are not allegations of fact, but are Plaintiff's legal conclusions, to which no response is required.  To the extent Paragraph 5.1 is construed to set forth allegations of fact, the allegations are denied.  The Exhibits, which are referenced in Paragraph 5.1 are not attached to the Second Amended Complaint, but the terms of which will speak for themselves.

5.2.    Santander lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations relating to Plaintiff's communications with an alleged Santander representative, as cross-referenced in Paragraph 5.2, and they are therefore denied.  The remaining allegations referenced in Paragraph 5.2 of Plaintiff's Second Amended Complaint are not allegations of fact, but are Plaintiff's legal conclusions, to which no response is required.  To the extent remaining allegations referenced in Paragraph 5.2 that imply wrongdoing on the part of Santander, those allegations are denied.  The Exhibits, which are cross-referenced in Paragraph 5.2, are not attached to the Second Amended Complaint, but the terms of which will speak for themselves.

5.3.    The allegations in Paragraph 5.3 of Plaintiff's Second Amended Complaint are not allegations of fact, but are Plaintiff's legal conclusions, to which no response is required.  To the extent Paragraph 5.3 is construed to set forth allegations of fact, the allegations are denied.

5.4.    Santander admits only that it sent Plaintiff the document titled "Affidavit of Fact." The remaining allegations in Paragraph 5.4 of Plaintiff's Second Amended Complaint are not allegations of fact, but are Plaintiff's legal conclusions, to which no

response is required. To the extent remaining allegations in Paragraph 5.4 are construed to set forth allegations of fact, the allegations are denied. Santander states that no "Exhibit Y" was attached to Plaintiff's Second Amended Complaint. However, to the extent Plaintiff's "Exhibit Y" refers to the Exhibits submitted with his initial Complaint, Santander admits only that "Exhibit Y" appears to be a copy of document titled "Affidavit of Fact," the terms of which speak for themselves.

5.5.    Santander admits only that it provided a copy of Plaintiff's Retail Installment Sales Contract to the Office of the Commissioner of Financial Regulation. The remaining allegations in Paragraph 5.5 of Plaintiff's Second Amended Complaint are not allegations of fact, but are Plaintiff's legal conclusions, to which no response is required. To the extent the remaining allegations in Paragraph 5.5 are construed to set forth allegations of fact, the allegations are denied. The Exhibits, which are referenced in Paragraph 5.5 are not attached to the Second Amended Complaint, but the terms of which will speak for themselves.

5.6.    The allegations in Paragraph 5.6 of Plaintiff's Second Amended Complaint are not allegations of fact, but are Plaintiff's legal conclusions, to which no response is required. To the extent Paragraph 5.6 is construed to set forth allegations of fact, the allegations are denied.

6.    Santander admits only that it sent Plaintiff the document titled "Nice of Intent to Repossess." The remaining allegations in Paragraph 6 of Plaintiff's Second Amended Complaint are not allegations of fact, but are Plaintiff's legal conclusions, to which no response is required. To the extent the remaining allegations in Paragraph 6 are construed to set forth allegations of fact, the allegations are denied. Santander states that

no "Exhibit G" was attached to Plaintiff's Second Amended Complaint. However, to the extent Plaintiff's "Exhibit G" refers to the Exhibits submitted with his initial Complaint, Santander admits only that "Exhibit G" appears to be a document titled "Notice of Intent to Repossess," the terms of which speak for themselves.

6.1.    Santander admits only that it sent Plaintiff the document titled "Notice of Intent to Repossess." The remaining allegations referenced in Paragraph 6.1 of Plaintiff's Second Amended Complaint are not allegations of fact, but are Plaintiff's legal conclusions, to which no response is required. To the extent the remaining allegations referenced in Paragraph 6.1 are construed to set forth allegations of fact, those allegations are denied. The Exhibits, which are cross-referenced in Paragraph 6.1, are not attached to the Second Amended Complaint, but the terms of which will speak for themselves.

6.2.    The allegations in Paragraph 6.2 of Plaintiff's Second Amended Complaint are not allegations of fact, but are Plaintiff's legal conclusions, to which no response is required. To the extent Paragraph 6.2 is construed to set forth allegations of fact, the allegations are denied.

6.3.    To the extent Paragraph 6.3 is construed to imply wrongdoing on the part of Santander, the allegations are denied. Santander lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations referenced in Paragraph 6.3, and they are therefore denied.

7.    Santander admits to receiving a document titled "Cease and Desist All Communication/Second Notice" from Plaintiff and further admits to sending Plaintiff a letter dated November 29, 2010, the terms of which speak for themselves. The remaining allegations in Paragraph 7 of Plaintiff's Second Amended Complaint are not allegations

of fact, but are Plaintiff's legal conclusions, to which no response is required. To the extent Paragraph 7 is construed to set forth allegations of fact, the allegations are denied. Santander states that no "Exhibit J" was attached to Plaintiff's Second Amended Complaint. However, to the extent Plaintiff's "Exhibit J" refers to the Exhibits submitted with his initial Complaint, Santander admits only that "Exhibit J" appears to be a letter dated November 29, 2010 from Santander to Plaintiff, the terms of which speak for themselves. The remaining Exhibits, which are referenced in Paragraph 7 are not attached to the Second Amended Complaint, but the terms of which will speak for themselves.

7.1.    See Santander's Response to Paragraph #7 to Plaintiff's Second Amended Complaint.

7.2    Santander admits only to making collection calls to Plaintiff prior to November 26, 2010. The remaining allegations in Paragraph 7.2 of Plaintiff's Second Amended Complaint are not allegations of fact, but are Plaintiff's legal conclusions, to which no response is required. To the extent the remaining allegations in Paragraph 7.2 are construed to set forth allegations of fact, the allegations are denied.

7.3.    To the extent Paragraph 7.3 is construed to imply wrongdoing on the part of Santander, the allegations are denied. Santander lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations referenced in Paragraph 7.3, and they are therefore denied. The Exhibits, which are referenced in Paragraph 7.3 are not attached to the Second Amended Complaint, but the terms of which will speak for themselves.

8.      The allegations in Paragraph 8 of Plaintiff's Second Amended Complaint are not allegations of fact, but are Plaintiff's legal conclusions, to which no response is required.  To the extent Paragraph 8 is construed to set forth allegations of fact and imply wrongdoing on the part of Santander, the allegations are denied.  To the extent the remaining allegations of Paragraph 8 are construed to set forth allegations of fact, Santander lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations referenced in Paragraph 8, and they are therefore denied.  The Exhibits, which are referenced in Paragraph 8 are not attached to the Second Amended Complaint, but the terms of which will speak for themselves.

8.1.    The terms of the alleged letter from Santander, which was not attached as an Exhibit to the Second Amended Complaint, speak for themselves.  The remaining allegations in Paragraph 8.1 of Plaintiff's Second Amended Complaint are not allegations of fact, but are Plaintiff's legal conclusions, to which no response is required.  To the extent Paragraph 8.1 is construed to set forth allegations of fact and imply wrongdoing on the part of Santander, the allegations are denied.

8.2     Santander lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations referenced in Paragraph 8.2, which relate to Plaintiff's communications or conversations with the Office of the Commissioner of Financial Regulation or any of its representatives.  To the extent Paragraph 8.2 seeks to imply wrongdoing on the part of Santander, the allegations are denied.  Santander lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations referenced in Paragraph 8.2, and they are therefore denied.  The

Exhibits, which are cross-referenced in Paragraph 8.2, are not attached to the Second Amended Complaint, but the terms of which will speak for themselves.

8.3.    Santander lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations referenced in Paragraph 8.3 which relate to Plaintiff's communications or conversations with the Office of the Commissioner of Financial Regulation or any of its representatives.  To the extent Paragraph 8.3 seeks to imply wrongdoing on the part of Santander, the allegations are denied.  Santander lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations referenced in Paragraph 8.3, and they are therefore denied.  The Exhibits, which are referenced in Paragraph 8.3 are not attached to the Second Amended Complaint, but the terms of which will speak for themselves.

9.    The allegations referenced in Paragraph 9 of Plaintiff's Second Amended Complaint are not allegations of fact, but are Plaintiff's legal conclusions, to which no response is required.  To the extent Paragraph 9 references allegations of fact, those allegations are denied.

9.1.    Santander lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations referenced in Paragraph 9.1, which relate to Plaintiff's communications or conversations with the Office of the Commissioner of Financial Regulation or any of its representatives.  The remaining allegations referenced in Paragraph 9.1 of Plaintiff's Second Amended Complaint are not allegations of fact, but are Plaintiff's legal conclusions, to which no response is required.  To the extent the remaining allegations referenced in Paragraph 9.1 include allegations of fact which are directed at Santander, those allegations are denied.  To the extent the remaining

allegations referenced in Paragraph 9.1 include allegations of fact which are directed at other parties, no response is required.  The Exhibits, which are cross-referenced in Paragraph 9.1, are not attached to the Second Amended Complaint, but the terms of which will speak for themselves.

9.2.   The allegations referenced in Paragraph 9.2 of Plaintiff's Second Amended Complaint are not allegations of fact, but are Plaintiff's legal conclusions, to which no response is required.  To the extent Paragraph 9.2 references allegations of fact, those allegations are denied.

10.   Santander admits only that Plaintiff's automobile was repossessed by Renaissance Recovery Solutions, LLC on or about January 9, 2011.  The remaining allegations in Paragraph 10 of Plaintiff's Second Amended Complaint are not allegations of fact, but are Plaintiff's legal conclusions, to which no response is required.  To the extent Paragraph 10 is construed to set forth other allegations of fact and are directed at Santander, the allegations are denied.  To the extent Paragraph 10 is construed to set forth other allegations of fact and are directed at other parties, no response is required.

10.1.   The allegations in Paragraph 10.1 are directed at other parties, therefore, no response is required. The Exhibits, which are cross-referenced in Paragraph 10.1, are not attached to the Second Amended Complaint, but the terms of which will speak for themselves.

10.2.   The allegations in Paragraph 10.2 are directed at other parties, therefore, no response is required. The Exhibits, which are cross-referenced in Paragraph 10.2, are not attached to the Second Amended Complaint, but the terms of which will speak for themselves.

10.3.   The allegations referenced in Paragraph 10.3 of Plaintiff's Second Amended Complaint are not allegations of fact, but are Plaintiff's legal conclusions, to which no response is required.   To the extent Paragraph 10.3 is construed to set forth other allegations of fact and are directed at Santander, the allegations are denied.   To the extent Paragraph 10.3 is construed to set forth other allegations of fact and are directed at other parties, no response is required.

10.4.   Santander admits only that Plaintiff's automobile was repossessed by Renaissance Recovery Solutions, LLC on or about January 9, 2011.   Santander lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations referenced in Paragraph 10.4, and they are therefore denied.

11.   Santander admits only that Plaintiff's account with Santander is currently being reported as "Charged Off."   The remaining allegations in Paragraph 11 of Plaintiff's Second Amended Complaint are not allegations of fact, but are Plaintiff's legal conclusions, to which no response is required.   To the extent the remaining allegations in Paragraph 11 are construed to set forth allegations of fact, the allegations are denied.   The Exhibits, which are referenced in Paragraph 11 are not attached to Plaintiff's Second Amended Complaint, but the terms of which will speak for themselves.

11.1.   See Santander's Response Paragraph #11 to Plaintiff's Second Amended Complaint.

11.2.   Santander lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 11.2, and they are therefore denied.

11.3.   The allegations referenced in Paragraph 11.3 of Plaintiff's Second Amended Complaint are not allegations of fact, but are Plaintiff's legal conclusions, to which no response is required.  To the extent Paragraph 11.3 is construed to set forth allegations of fact, those allegations are denied.

11.4.   Santander admits only that it provided a copy of Plaintiff's Retail Installment Sales Contract to the Office of the Commissioner of Financial Regulation. The remaining allegations referenced in Paragraph 11.4 of Plaintiff's Second Amended Complaint are not allegations of fact, but are Plaintiff's legal conclusions, to which no response is required.  To the extent the remaining allegations in Paragraph 11.4 reference allegations of fact and are directed at Santander, those allegations are denied.  To the extent Paragraph 11.4 is construed to set forth other allegations of fact and are directed at other parties, no response is required.  The Exhibits, which are referenced in Paragraph 11.4, are not attached to the Second Amended Complaint, but the terms of which will speak for themselves.

11.5.   The allegations in Paragraph 11.5 of Plaintiff's Second Amended Complaint are not allegations of fact, but are Plaintiff's legal conclusions, to which no response is required.   To the extent Paragraph 11.5 is construed to set forth other allegations of fact, the allegations are denied.

12.   Santander admits only that a "Notice to Sell" was sent to Plaintiff on or about January 9, 2011.  The remaining allegations in Paragraph 12 of Plaintiff's Second Amended Complaint are not allegations of fact, but are Plaintiff's legal conclusions, to which no response is required.  To the extent Paragraph 12 is construed to set forth other allegations of fact, the allegations are denied.

12.1.   The allegations in Paragraph 12.1 of Plaintiff's Second Amended Complaint are not allegations of fact, but are Plaintiff's legal conclusions, to which no response is required.  To the extent Paragraph 12.1 is construed to set forth allegations of fact, the allegations are denied

12.2   Santander admits only that a "Notice to Sell" was sent to Plaintiff on or about January 9, 2011, the terms of which speak for themselves.  The remaining allegations in Paragraph 12.2 of Plaintiff's Second Amended Complaint are not allegations of fact, but are Plaintiff's legal conclusions, to which no response is required. To the extent the remaining allegations in Paragraph 12.2 are construed to set forth allegations of, those allegations are denied.

12.3.   Santander admits only that Plaintiff's automobile was repossessed by Renaissance Recovery Solutions, LLC on or about January 9, 2011.  The remaining allegations in Paragraph 12.3 of Plaintiff's Second Amended Complaint are not allegations of fact, but are Plaintiff's legal conclusions, to which no response is required. To the extent Paragraph 12.3 is construed to set forth other allegations of fact and are directed at Santander, the allegations are denied.  To the extent Paragraph 12.3 is construed to set forth other allegations of fact and are directed at other parties, no response is required.

12.4.   The allegations in Paragraph 12.4 of Plaintiff's Second Amended Complaint are not allegations of fact, but are Plaintiff's legal conclusions, to which no response is required.  To the extent Paragraph 12.4 is construed to set forth allegations of fact and are directed at Santander, the allegations are denied.  To the extent Paragraph

12.4 is construed to set forth allegations of fact and are directed at other parties, no response is required.

12.5.   The allegations in Paragraph 12.5 of Plaintiff's Second Amended Complaint are not allegations of fact, but are Plaintiff's legal conclusions, to which no response is required.  To the extent Paragraph 12.5 is construed to set forth allegations of fact and are directed at Santander, the allegations are denied.  To the extent Paragraph 12.5 is construed to set forth allegations of fact and are directed at other parties, no response is required.  The Exhibits, which are referenced in Paragraph 12.5, are not attached to the Second Amended Complaint, but the terms of which will speak for themselves.

12.6.   To the extent allegations of Paragraph 12.6 imply wrongdoing on the part of Santander, those allegations are denied.  Santander lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations referenced in Paragraph 12.6, and they are therefore denied. The Exhibits, which are referenced in Paragraph 12.6, are not attached to the Second Amended Complaint, but the terms of which will speak for themselves.

13.     Santander admits only that Plaintiff's automobile was repossessed by Renaissance Recovery Solutions, LLC on or about January 9, 2011.  The remaining allegations in Paragraph 13 of Plaintiff's Second Amended Complaint are not allegations of fact, but are Plaintiff's legal conclusions, to which no response is required.  To the extent Paragraph 13 is construed to set forth other allegations of fact and are directed at Santander, the allegations are denied.  To the extent Paragraph 13 is construed to set forth allegations of fact and are directed at other parties, no response is required.

13.1.   The allegations referenced in Paragraph 13.1 of Plaintiff's Second Amended Complaint are not allegations of fact, but are Plaintiff's legal conclusions, to which no response is required.  To the extent Paragraph 13.1 references allegations that imply wrongdoing on the part of Santander, those allegations are denied.  To the extent Paragraph 13.1 references allegations directed towards other parties, no response is required.  The Exhibits, which are cross-referenced in Paragraph 13.1, are not attached to the Second Amended Complaint, but the terms of which will speak for themselves.

13.2.   To the extent the allegations in Paragraph 13.2 are directed towards other parties, no response is required.  To the extent the allegations are directed at Santander, those allegations are denied.  The Exhibits, which are cross-referenced in Paragraph 13.2, are not attached to the Second Amended Complaint, but the terms of which will speak for themselves.

13.3.   To the extent the allegations in Paragraph 13.3 are directed towards other parties, no response is required.  To the extent the allegations are directed at Santander, Santander denies the vehicle was in its possession.

14.   Santander is without sufficient knowledge or information to form a belief as to the truth or falsity of Plaintiff's allegations regarding the alleged property in his vehicle as referenced in Paragraph 14, and they are therefore denied.  The remaining allegations in Paragraph 14 of Plaintiff's Second Amended Complaint are not allegations of fact, but are Plaintiff's legal conclusions, to which no response is required.  To the extent the remaining allegations in Paragraph 14 are construed as allegations of fact, those allegations are denied.

14.1.   See Santander's Response Paragraph #14 to Plaintiff's Second Amended Complaint.

14.2.   The allegations in Paragraph 14.2 of Plaintiff's Second Amended Complaint are not allegations of fact, but are Plaintiff's legal conclusions, to which no response is required.  To the extent the allegations in Paragraph 14.2 are directed towards other parties, no response is required.   To the extent the allegations are directed at Santander, those allegations are denied.

14.3.   The allegations in Paragraph 14.3 of Plaintiff's Second Amended Complaint are not allegations of fact, but are Plaintiff's legal conclusions, to which no response is required.  To the extent the allegations in Paragraph 14.3 are directed towards other parties, no response is required.   To the extent the allegations are directed at Santander, those allegations are denied.

15.   To the extent Paragraph 15 is construed to imply wrongdoing on the part of Santander, the allegations are denied.   Santander lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations referenced in Paragraph 15, and they are therefore denied.  The Exhibits, which are cross-referenced in Paragraph 15, are not attached to the Second Amended Complaint, but the terms of which will speak for themselves.

15.1.   The allegations in Paragraph 15 of Plaintiff's Second Amended Complaint are not allegations of fact, but are Plaintiff's legal conclusions, to which no response is required.   To the extent the remaining allegations in Paragraph 15 are construed as allegations of fact, those allegations are denied.

15.2.   To the extent Paragraph 15.2 is construed to imply wrongdoing on the part of Santander, the allegations are denied.   Santander lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations referenced in Paragraph 15.2, and they are therefore denied.   The Exhibits, which are cross-referenced in Paragraph 15.2, are not attached to the Second Amended Complaint, but the terms of which will speak for themselves.

15.3.   To the extent Paragraph 15.3 is construed to imply wrongdoing on the part of Santander, the allegations are denied.   Santander lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations referenced in Paragraph 15.3, and they are therefore denied.

15.4.   Santander admits only that Plaintiff's automobile was repossessed by Renaissance Recovery Solutions, LLC on or about January 9, 2011.   The remaining allegations in Paragraph 15.4 of Plaintiff's Second Amended Complaint are not allegations of fact, but are Plaintiff's legal conclusions, to which no response is required. To the extent Paragraph 15.4 is construed to set forth other allegations of fact and imply wrongdoing on the part of Santander, the allegations are denied.

15.5.   To the extent Paragraph 15.5 seeks to imply wrongdoing on the part of Santander, the allegations are denied.   Santander lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations referenced in Paragraph 15.5, and they are therefore denied.   With respect to the allegations that are incorporated by reference, the allegations are not allegations of fact, but are Plaintiff's legal conclusions, to which no response is required.   To the extent Paragraph 15.5 references allegations of fact, those allegations are denied.

15.6.   The allegations in Paragraph 15.6 of Plaintiff's Second Amended Complaint are not allegations of fact, but are Plaintiff's legal conclusions, to which no response is required.  To the extent Paragraph 15.6 is construed to set forth allegations of fact, the allegations are denied.  The Exhibits, which are referenced in Paragraph 15.6 are not attached to the Second Amended Complaint, but the terms of which will speak for themselves.

15.7.   The allegations in Paragraph 15.7 of Plaintiff's Second Amended Complaint are not allegations of fact, but are Plaintiff's legal conclusions, to which no response is required.  To the extent Paragraph 15.7 is construed to set forth allegations of fact and imply wrongdoing on the part of Santander, the allegations are denied.  With respect to the allegations that are incorporated by reference, the allegations are not allegations of fact, but are Plaintiff's legal conclusions, to which no response is required. To the extent Paragraph 15.7 references allegations of fact, those allegations are denied. The Exhibits, which are cross-referenced in Paragraph 15.7, are not attached to the Second Amended Complaint, but the terms of which will speak for themselves.

15.8.   To the extent Paragraph 15.8 seeks to imply wrongdoing on the part of Santander, the allegations are denied.   Santander lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations referenced in Paragraph 15.8, and they are therefore denied.  The Exhibits, which are referenced in Paragraph 15.8 are not attached to the Second Amended Complaint, but the terms of which will speak for themselves.

15.9.   The allegations in Paragraph 15.9 of Plaintiff's Second Amended Complaint are not allegations of fact, but are Plaintiff's legal conclusions, to which no

response is required.   To the extent the remaining allegations in Paragraph 15.9 are construed as allegations of fact, those allegations are denied. The Exhibits, which are referenced in Paragraph 15.9 are not attached to the Second Amended Complaint, but the terms of which will speak for themselves.

15.10. The allegations in Paragraph 15.10 of Plaintiff's Second Amended Complaint are not allegations of fact, but are Plaintiff's legal conclusions, to which no response is required.   To the extent the remaining allegations in Paragraph 15 are construed as allegations of fact, those allegations are denied. The Exhibits, which are referenced in Paragraph 15.10 are not attached to the Second Amended Complaint, but the terms of which will speak for themselves.

15.11. The allegations in Paragraph 15.11 of Plaintiff's Second Amended Complaint are not allegations of fact, but are Plaintiff's legal conclusions, to which no response is required.   To the extent the remaining allegations in Paragraph 15.11 are construed as allegations of fact, those allegations are denied. The Exhibits, which are referenced in Paragraph 15.11 are not attached to the Second Amended Complaint, but the terms of which will speak for themselves.

15.12. The allegations in Paragraph 15.12 of Plaintiff's Second Amended Complaint are not allegations of fact, but are Plaintiff's legal conclusions, to which no response is required.   To the extent the remaining allegations in Paragraph 15.12 are construed as allegations of fact, those allegations are denied. The Exhibits, which are referenced in Paragraph 15.12 are not attached to the Second Amended Complaint, but the terms of which will speak for themselves.

15.13. The allegations in Paragraph 15.13 of Plaintiff's Second Amended Complaint are not allegations of fact, but are Plaintiff's legal conclusions, to which no response is required. To the extent the remaining allegations in Paragraph 15.13 are construed as allegations of fact, those allegations are denied. The Exhibits, which are referenced in Paragraph 15.13 are not attached to the Second Amended Complaint, but the terms of which will speak for themselves.

15.14. The allegations in Paragraph 15.14 of Plaintiff's Second Amended Complaint are not allegations of fact, but are Plaintiff's legal conclusions, to which no response is required. To the extent the remaining allegations in Paragraph 15.14 are construed as allegations of fact, those allegations are denied. The Exhibits, which are referenced in Paragraph 15.14 are not attached to the Second Amended Complaint, but the terms of which will speak for themselves.

15.15. The allegations in Paragraph 15.15 of Plaintiff's Second Amended Complaint are not allegations of fact, but are Plaintiff's legal conclusions, to which no response is required. To the extent the remaining allegations in Paragraph 15.15 are construed as allegations of fact, those allegations are denied. The Exhibits, which are referenced in Paragraph 15.15 are not attached to the Second Amended Complaint, but the terms of which will speak for themselves.

15.16. The allegations in Paragraph 15.16 of Plaintiff's Second Amended Complaint are not allegations of fact, but are Plaintiff's legal conclusions, to which no response is required. To the extent the remaining allegations in Paragraph 15.16 are construed as allegations of fact, those allegations are denied. The Exhibits, which are

referenced in Paragraph 15.16 are not attached to the Second Amended Complaint, but the terms of which will speak for themselves.

15.17. The allegations in Paragraph 15.17 of Plaintiff's Second Amended Complaint are not allegations of fact, but are Plaintiff's legal conclusions, to which no response is required. To the extent the remaining allegations in Paragraph 15.17 are construed as allegations of fact, those allegations are denied. The Exhibits, which are referenced in Paragraph 15.17 are not attached to the Second Amended Complaint, but the terms of which will speak for themselves.

15.18. The allegations in Paragraph 15.18 of Plaintiff's Second Amended Complaint are not allegations of fact, but are Plaintiff's legal conclusions, to which no response is required. To the extent the remaining allegations in Paragraph 15.18 are construed as allegations of fact, those allegations are denied. The Exhibits, which are referenced in Paragraph 15.18 are not attached to the Second Amended Complaint, but the terms of which will speak for themselves.

15.19. The allegations in Paragraph 15.19 of Plaintiff's Second Amended Complaint are not allegations of fact, but are Plaintiff's legal conclusions, to which no response is required. To the extent the remaining allegations in Paragraph 15.19 are construed as allegations of fact, those allegations are denied. The Exhibits, which are referenced in Paragraph 15.19 are not attached to the Second Amended Complaint, but the terms of which will speak for themselves.

15.20. The allegations in Paragraph 15.20 of Plaintiff's Second Amended Complaint are not allegations of fact, but are Plaintiff's legal conclusions, to which no response is required. To the extent the remaining allegations in Paragraph 15.20 are

construed as allegations of fact, those allegations are denied. The Exhibits, which are referenced in Paragraph 15.20 are not attached to the Second Amended Complaint, but the terms of which will speak for themselves.

15.21. To the extent Paragraph 15.21 seeks to imply wrongdoing on the part of Santander, the allegations are denied.   Santander lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations referenced in Paragraph 15.21, and they are therefore denied.  The Exhibits, which are referenced in Paragraph 15.21 are not attached to the Second Amended Complaint, but the terms of which will speak for themselves.

15.22. The allegations in Paragraph 15.22 of Plaintiff's Second Amended Complaint are not allegations of fact, but are Plaintiff's legal conclusions, to which no response is required.  To the extent the remaining allegations in Paragraph 15.22 are construed as allegations of fact, those allegations are denied. The Exhibits, which are referenced in Paragraph 15.22 are not attached to the Second Amended Complaint, but the terms of which will speak for themselves.

15.23. Santander admits only that Plaintiff's automobile was repossessed by Renaissance Recovery Solutions, LLC on or about January 9, 2011.   To the extent Paragraph 15.23 seeks to imply wrongdoing and is directed to Santander, the allegations are denied.  To the extent the allegations in Paragraph 15.23 are directed towards other parties, no response is required.

15.24. To the extent Paragraph 15.24 seeks to imply wrongdoing and is directed to Santander, the allegations are denied.  To the extent the allegations in Paragraph 15.24 are directed towards other parties, no response is required.  The Exhibits, which are

referenced in Paragraph 15.24 are not attached to the Second Amended Complaint, but the terms of which will speak for themselves.

### PRAYER FOR RELIEF

16.     The allegations in Paragraph 16 of Plaintiff's Second Amended Complaint are not allegations of fact, but are Plaintiff's legal conclusions, to which no response is required.  To the extent Paragraph 16 is construed to set forth allegations of fact and are directed at Santander, the allegations are denied.  To the extent Paragraph 16 is construed to set forth allegations of fact and are directed at other parties, no response is required.

### AFFIRMATIVE DEFENSES

1.     Plaintiff's claims are barred by estoppel in so far as he is estopped from challenging the validity or enforceability of the subject Retail Installment Sales Contract for the vehicle because Plaintiff took possession of the subject vehicle, has enjoyed the use of the subject vehicle, and made payments pursuant to the terms of the Retail Installment Sales Contract.

2.     Plaintiff's claims are barred by the doctrine of waiver in so far as he failed to raise or challenge the validity of the subject Retail Installment Sales Contract for years after its execution and performance.

3.     Plaintiff's claims are barred by the doctrines of consent and/or ratification in so far as he ratified and consented to the subject Retail Installment Sales Contract by taking possession of the subject vehicle and making payments pursuant to the terms of the Retail Installment Sales Contract.

## GENERAL DEFENSES

4.     Plaintiff's Complaint fails to state a claim upon which relief may be granted.

## COUNTERCLAIM AGAINST PLAINTIFF

1.     On or about August 10, 2006, Plaintiff executed a Retail Installment Sales Contract (the "Contract") with Lanham Ford, Inc. that provided financing for his purchase of a 2003 Nissan Pathfinder S, Vehicle Identification Number ending in xxxxxxxxxxxxx2573 (the "Vehicle").   The Contract was subsequently assigned to DC Financial Services (the "Account").

2.     Pursuant to the terms of the Contract, Plaintiff was required to make 60 payments in the amount of $405.27 per month beginning on September 25, 2006.

3.     Pursuant to the terms of the Contract, Plaintiff gave a security interest in the Vehicle to secure payment.

4.     On or about September 22, 2006, the Account was assigned by DC Financial to CitiFinancial Auto Corporation ("CitiFinancial").

5.     Plaintiff continued to make monthly payments after the Account was acquired by CitiFinancial.

6.     Santander acquired the servicing rights for Plaintiff's Account on or about September 6, 2010.

7.     Plaintiff was subsequently informed that Santander had acquired the servicing rights and was directed to make all future payments and correspondence for the Account to Santander.

8.     Plaintiff defaulted on the terms of his Contract by failing to make the September 2010 monthly payments pursuant to the Contract, and continuing each month thereafter. Accordingly, Plaintiff is in default pursuant to the terms of the Contract.

9.     The Account and all interests and rights in the Contract were assigned from CitiFinancial to Santander on October 1, 2011.

10.    Based upon Plaintiff's default, Santander may recover all amounts due and owing pursuant to the terms of the Contract.

11.    Pursuant to the terms of the Contract, Santander is also permitted to recover a portion of its attorney's fees and costs relating to the collection of amounts due under the Contract.

13.    The current outstanding balance on the Contract totals $16,573.36, plus recoverable attorney's fees and costs.

**WHEREFORE**, Defendant Santander respectfully demands judgment against Plaintiff as follows:

a.     Awarding Santander damages in the amount of $16,573.36; and

b.     Awarding Santander the allowable portion of its attorneys' fees and costs pursuant to the terms of the Contract; and

c.     Awarding Santander such further and other relief as this Court deems appropriate.

## COUNT TWO

14.    Santander hereby repeats and re-alleges each and every allegation contained in the preceding Counts of the Counterclaims against Plaintiff.

15.     Pursuant to the terms of the Contract, Santander was given a security interest in the Vehicle and is permitted to repossess the Vehicle upon a default by Plaintiff.

16.     Plaintiff's failure to make the requisite monthly payments pursuant to the terms of the Contract constitutes an act of default under the Contract.

17.     Despite Plaintiff's default, he remains in wrongful possession of the Vehicle.

18.     Pursuant to the terms of the Contract, Santander has an unqualified right to demand immediate possession of the Vehicle.

19.     As such, Santander demands Plaintiff immediately turn over the Vehicle to Santander's possession.

**WHEREFORE,** Defendant Santander respectfully demands judgment against Plaintiff as follows:

a.     An Order from this Court ordering Plaintiff to immediately turn over possession of the Vehicle; and

b.     Awarding Santander its attorneys' fees and costs; and

c.     Awarding Santander such further and other relief as this Court deems appropriate.

Respectfully submitted,


_____/s/_____
Kimberly A. Manuelides (Federal Bar No. 03517)
Jennifer A. DeRose (Federal Bar No. 28374)
Saul Ewing LLP
500 East Pratt Street
Baltimore, Maryland 21202
(410)332-8930
(410)332-8191 (facsimile)
jderose@saul.com

*Attorneys for Defendant Santander Consumer USA, Inc.*


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 12th day of June, 2012 a copy of the foregoing Answer was sent via overnight mail to Mr. Khaval Stewart, 3908 Ridgecroft Road, Baltimore, Maryland 21206.

_____
Kimberly A. Manuelides