IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Northern Division*

|  |  |  |
|---|---|---|
| **KALLIATEN SEKHNEB KHEPERA-BEY,** | * | |
| Plaintiff, | * | |
| v. | * | Case No.: WDQ-11-1269 |
| **SANTANDER CONSUMER USA INC.,** *et al.* | * | |
| Defendants. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM OPINION AND ORDER

This Memorandum Opinion addresses Defendant Renaissance Recovery Solutions, LLC's ("Renaissance") Motion to Compel Discovery Responses from Plaintiff KalliAten SekhNeb Khepera-Bey,[1] ECF No. 84.[2]  Plaintiff did not file a response and the time for doing so has passed.  *See* Loc. R. 105.2.  I find that a hearing is not necessary.  *See* Loc. R. 105.6.  For the reasons stated herein, Renaissance's Motion to Compel is GRANTED.  Plaintiff is ordered to

---

[1] When Plaintiff commenced the present action on May 6, 2011, his legal name appeared as "Khaval Stewart."  *See* Compl., ECF No. 1.  However, on August 3, 2011, Plaintiff filed a Motion for Judicial Notice for Special Appearance, ECF No. 20, and requested that the Court "address him as Khaval Stewart-Bey."  Approximately three months later, Plaintiff notified the Court of a second name change and stated that he "is now lawfully recognized as KalliAten SekhNeb Khepera-Bey and lawfully must be addressed as In Propria Persona Sui Juris KalliAten SekhNeb Khepera-Bey." Notice, ECF No. 45.  For the purposes of this Memorandum Opinion, Plaintiff shall be referred to as Plaintiff or Khepera-Bey.

[2] On November 1, 2012, in accordance with 28 U.S.C. § 636 and Local Rules 301 and 302, Judge Quarles referred this case to me to resolve discovery disputes and related scheduling matters.  Docket Entry.

provide Renaissance with fully responsive and non-evasive responses, *see* Fed. R. Civ. P. 37(a)(4), to Renaissance's Interrogatories and Requests for Production of Documents within forty-five (45) days of the date of this Memorandum Opinion and Order. This Memorandum Opinion and Order disposes of ECF No. 84.

I.  **BACKGROUND**

On May 6, 2011, Plaintiff commenced the present action against Defendant Santander Consumer USA, Inc. ("Santander") and Renaissance (collectively "Defendants"), alleging that Defendants had violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692-1692p and the Maryland Fair Debt Collection Practices Act, Md. Code Ann., Comm. Law § 14-202 (West 2010); and that Defendants had committed fraud, extortion, theft, and intentional infliction of emotional distress. *See* Am. Compl. 3-44, ECF No. 31. Plaintiff's allegations stem from a retail installment contract relating to the sale and financing of a 2003 Nissan Pathfinder that took place in 2006. *See* Compl. 6-7, ECF No. 1. Throughout the course of this litigation, Plaintiff has filed a plethora of motions, notices, and seemingly "informational" documents with the Court. *See* Docket.

Notably, on August 17, 2012, Plaintiff filed a Notice of Removal, seeking removal of the present action from the United States District Court for the District of Maryland to the "Moorish Supreme Court of Equity and Truth[,]" the judicial body for the Moorish Science Temple.[3] Notice of Removal, ECF No. 81. On September 24, 2012, Plaintiff filed additional documents

---

[3] The Court was unable to identify any reported decisions with a discussion of the "Moorish Supreme Court of Equity and Truth," let alone a reported decision recognizing its existence. A brief summary of the background and organization of the Moorish Science Temple of America, Inc. appears in *El Bey v. Moorish Sci. Temple of Am., Inc.*, 765 A.2d 132, 134 (Md. 2001), and in 1998, the Seventh Circuit became one of the first federal courts to address and describe the Moorish movement in *Johnson-Bey v. Lane*, 863 F.2d 1308, 1309 (7th Cir. 1998).

with this Court that purport to, *inter alia*, grant his Notice of Removal to the Moorish Supreme Court of Equity and Truth, state that that tribunal "supersedes the United States District Court for the District of Maryland[,]" and order the Clerk of the Court to "transmit [the] record [of the case] to the Moorish Supreme Court of Equity and Truth within 16 days[.]"  Correspondence Regarding Points and Authorities 2-5, ECF No. 82.

On October 25, 2012, Renaissance filed the present Motion to Compel Discovery Responses from Plaintiff, alleging that "[t]o date, Plaintiff has failed to submit any objections or responses to" the discovery requests properly served on Plaintiff on September 6, 2012.  *See* Def.'s Mot. to Compel ¶ 3.  Specifically, Renaissance sought, *inter alia*, "information regarding Plaintiff's communications with the Defendants, information about events relating to the repossession of Plaintiff's vehicle, and information and documents relating to Plaintiff's claim for damages."  *Id.* at ¶ 9.  On October 12, 2012, Plaintiff filed various documents with the Moorish Supreme Court of Equity and Truth,[4] including a document entitled "Brief: Final Argument," ("Brief") and an "Affidavit in Support of Brief" (collectively, the "Moorish Court Documents").  *See id.* at ¶ 4 & Ex. B, ECF No. 84-2.  In Plaintiff's Brief, he states that, "[t]his document will also serve as a complimentary response to the Trustee-Renaissance Recovery Solutions LLC's Interrogatories and Request for Production of Documents[.]"  Pl.'s Brief 1. Renaissance disputes the sufficiency and adequacy of these documents as a response to its discovery requests, stating, specifically, that "[e]ven a liberal interpretation of the Moorish Court Documents does not provide information responsive to the discovery requests[,]" and that "Plaintiff has entirely failed to respond to Renaissance's Request for Production of Documents." Def's Mot. to Compel ¶ 9.

---

[4] Renaissance attached these documents as exhibits to its pending Motion to Compel.

## II.     DISCUSSION

Fed. R. Civ. P. 26(b)(1) permits a party to

> obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense—including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P. 33(a)(1) provides that "a party may serve on any other party no more than 25 written interrogatories," and Fed. R. Civ. P. 34 provides that "[a] party may serve on any other party a [document production] request within the scope of Rule 26(b)[.]"  Renaissance properly served on Plaintiff twenty Interrogatories and twenty-one Requests for Production of Documents. *See* Fed. R. Civ. P. 26, 33-34.

Fed. R. Civ. P. 33 and 34 also require the responding party to respond to interrogatories and requests for production of documents within thirty (30) days, and Fed. R. Civ. P. 37(a)(3)(B)(iii) provides that a party seeking discovery may move to compel a response if the other party fails to respond to a discovery request.  In the event the responding party fails to comply with a Court Order compelling the production of discovery, the requesting party may file a Motion for Sanctions pursuant to Fed. R. Civ. P. 37(b) and the Court may issue the following sanctions:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims; (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; (iii) striking pleadings in whole or in part; (iv) staying further proceedings until the order is obeyed; (v) dismissing the action or proceeding in whole or in part; (vi) rendering a default judgment against the disobedient party; or (vii) treating as contempt of

      court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A)(i)-(vii).

      Plaintiff is proceeding *pro se* and, "[a]lthough *pro se* litigants are given liberal treatment by courts, even *pro se* litigants are expected to comply with time requirements and other procedural rules 'without which effective judicial administration would be impossible.'" *Dancy v. Univ. of N. Carolina at Charlotte*, No. 3:08-CV-166-RJC-DCK, 2009 WL 2424039, at *2 (W.D.N.C. Aug. 3, 2009) (quoting *Ballard v. Carlson*, 882 F.2d 93, 96 (4th Cir. 1989)). Indeed, "[t]he right to self-representation does not 'exempt a party from compliance with relevant rules of procedural and substantive law.'" *Id.* (quoting *Traquth v. Zuck*, 710 F.2d 90, 95 (2nd Cir. 1983)). Here, Plaintiff has designated the Moorish Court Documents as his responses to Renaissance's Interrogatories and Requests for Production of Documents. *See* Pl.'s Brief 1. However, these documents do not respond to Renaissance's requests in either substance or form, as required by Loc. R. 104.6, which clearly states that "[r]esponses to interrogatories and requests for production shall set forth each interrogatory or request followed by the answer and/or a brief statement of the grounds for objection, including a citation of the main applicable authorities (if any)." As best this Court is able to discern, the Moorish Court Documents focus on the existence, validity, and content of the retail installment contract at issue in this case, *see* Pl.'s Brief, and do not address any of the information sought in Renaissance's Interrogatories or Requests for Production of Documents. *See* Def.'s Mot. to Compel, Ex. A, ECF No. 84-1. Additionally, to date, Plaintiff has not provided to Renaissance any of the documents specified in Renaissance's Requests for Production of Documents. *Id.* at ¶ 9. Nor has Plaintiff filed any response to the pending Motion to Compel.

### III.     CONCLUSION

In light of the foregoing, Renaissance's Motion to Compel is hereby GRANTED. Plaintiff is ordered to serve on Renaissance complete and non-evasive responses to its propounded Interrogatories and Requests for Production of Documents within forty-five (45) days.

Dated: November 21, 2012                                             _____/S/_____

                                                              Paul W. Grimm
                                          United States Magistrate Judge

mol