IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

<pre>
                                    *
KALLIATEN SEKHNEB KHEPERA-BEY
formerly known as Khaval Stewart*

     Plaintiff,                     *

          v.                        *   CIVIL NO.: WDQ-11-1269

SANTANDER CONSUMER USA, INC.,       *
     et al.
                                    *
     Defendants.
                                    *
  *    *    *    *    *    *    *    *    *    *    *    *    *
</pre>

MEMORANDUM OPINION

KalliAten SekhNeb Khepera-Bey,[1] *pro se*, sued Santander
Consumer USA, Inc. ("Santander") and Renaissance Recovery
Solutions, LLC ("Renaissance") (collectively the "defendants")
for debt collection violations and other claims. Pending is
Santander and Renaissance's motion to strike "correspondence"
from Khepera-Bey concerning a "judgment" from the Moorish
Supreme Court of Equity and Truth ("Moorish Court"), grant them
attorneys' fees for the motion, and enjoin Khepera-Bey from
filing or attempting to enroll the "judgment" in any
jurisdiction. For the following reasons, the motion will be
granted.

---

[1] When he filed his first complaint in this Court, Khepera-Bey
was named Khaval Stewart. Khepera-Bey has since notified the
Court that on November 16, 2011, he changed his name to Khepera-
Bey to reflect his religious beliefs. ECF Nos. 45, 57. The
Court will refer to him as "Khepera-Bey."

I.    Background

On May 6, 2011, Khepera-Bey sued Santander and Renaissance for various debt collection and other claims arising from his purchase of a 2003 Nissan Pathfinder from Lanham Ford. *See* ECF Nos. 1, 4-2 at 9. On October 13, 2011, Khepera-Bey filed an amended complaint. ECF No. 31. On June 12, 2012, Renaissance answered. ECF No. 77. The same day, Santander answered and counterclaimed against Khepera-Bey under the retail installment sales contract for the vehicle.[2] ECF Nos. 76, 79 (corrected).

On August 17, 2012, Khepera-Bey filed a "notice of removal" purporting to remove this case to the Moorish Court.[3] ECF No. 81. On October 25, 2012, Renaissance moved to compel Khepera-Bey to respond to its interrogatories and request for production of documents. ECF No. 84. On November 21, 2012, then-Chief Magistrate Judge Paul W. Grimm[4] granted the motion, ordering Khepera-Bey to serve on Renaissance "complete and non-evasive responses" within 45 days. ECF No. 89 at 6.

---

[2] Before the filing of the answers, Santander and Renaissance filed motions to dismiss, which were granted in part and denied in part. *See* ECF Nos. 29, 75. Khepera-Bey filed many frivolous motions that prevented the timely progression of the case. *See* ECF Nos. 28, 74 (memoranda opinions discussing motions).

[3] On September 24, 2012, Khepera-Bey filed supplemental "points and authority" concerning the Moorish Court's "jurisdiction." ECF No. 82.

[4] Judge Grimm has since been confirmed as a District Judge.

2

On November 26, 2012, Khepera-Bey filed correspondence purporting to be a "judgment" by the Moorish Court against Santander for $30,000,000 and Renaissance for $5,000,000. ECF No. 90 at 2. The document also stated[5]:

Judgment Issued: October 21, 2012


From: United States District Court

for the District of the State of Maryland

Northern Division, Case No. WDQ-11-1269

ECF No. 90 at 3. Following that statement, the document is signed by Curtis McNeill-Bey, Sheik, purportedly a judge of the Moorish Court. *Id.* The document contains no signature from any state or federal judge. Attached to the "judgment" are the Moorish Court's "opinion" and "charter." ECF Nos. 90-1, 90-2.

On December 3, 2012, Santander moved to strike the "judgment" correspondence, for attorneys' fees, and to enjoin Khepera-Bey from filing or attempting to enroll the correspondence in any jurisdiction. ECF No. 91. On December 4, 2012, Renaissance joined the motion. ECF No. 93.

Also on December 3, 2012, Khepera-Bey filed additional correspondence of defaced copies of the referral for discovery and Judge Grimm's memorandum opinion and order. ECF No. 92. On the pages of the document, Khepera-Bey wrote "Void case was

[5] The indented text reproduces the text and form of the document.

3

removed," "See Judgment From Moorish supreme court of Equity and truth this Case is over," "viod," "void," and "void case Removed."  ECF No. 92.

On December 4, 2012, Renaissance joined the motion to strike.  ECF No. 93.  On December 26, 2012, Santander urged the Court to rule on the motion to strike, reporting that Khepera-Bey had filed the "judgment" in the Circuit Court for Baltimore City, Maryland.[6]  ECF No. 94.  Khepera-Bey has not responded to the motion to strike.

II.  Analysis

Santander and Renaissance request that the Court (1) strike the "judgment," (2) enjoin Khepera-Bey from filing or attempting to enroll the "judgment" in any jurisdiction, and (3) to award them attorneys' fees in conjunction with the motion.  ECF Nos. 91, 93.

A.    Striking the "Judgment"

Santander and Renaissance request that the "judgment" be stricken from the docket under Fed. R. Civ. P. 12(f).

Under Rule 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  As acknowledged by the defendants, the "judgment" is not a pleading.  *See* Fed. R. Civ.

---

[6] Santander is also challenging the "judgment" in the circuit court.  ECF No. 94 at 2 n.2.

4

P. 7(a) (listing types of pleadings).  Although some cases have
held that Rule 12(f) may be used to strike documents other than
pleadings,[7] the weight of recent authority is that such an action
is not contemplated or permitted by the Rule.[8]

This does not mean, however, that this Court is without
power to strike the "judgment."  This Court has the inherent
authority to control its cases and docket to "protect [its]
proceedings and judgments in the course of discharging [its]
traditional responsibilities."  *Degen v. United States*, 517 U.S.
820, 823 (1996); *see United States v. Moussaoui*, 483 F.3d 220,
236-37 (4th Cir. 2007).  "Because of their very potency,
inherent powers must be exercised with restraint and
discretion."  *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991).

---

[7] *See, e.g., McLaughlin v. Copeland*, 435 F. Supp. 513, 519 (D.
Md. 1977) (collecting cases).

[8] *See, e.g., In re Minh Vu Hoang*, Civ. No. DKC-11-2320, 2012 WL
5995621, at *5 (D. Md. Nov. 29, 2012); *Hrivnak v. NCO Portfolio
Mgmt., Inc.*, 723 F. Supp. 2d 1020, 1029 (N.D. Ohio 2010); 5C
Charles Alan Wright et al., *Federal Practice & Procedure* § 1380
& nn.4-6 (3d ed.).
      Rule 11, however, may permit the Court to strike the
"judgment" correspondence.  "Every pleading, written motion, and
*other paper* must be signed . . . by a party personally if the
party is unrepresented."  Fed. R. Civ. P. 11(a).  "The court
must strike an unsigned paper unless the omission is promptly
corrected after being called to the  . . . party's attention."
*Id*.  No part of the "judgment" correspondence bears Khepera-
Bey's signature.  However, there is no evidence that he has
notice of this defect and its implications; accordingly, the
correspondence will not be stricken under Rule 11.

Striking documents is one power among the Court's inherent authority.[9]

Exercise of this inherent power is necessary in this case to protect the proceedings, any judgment in this case, and to preserve the integrity of the Court's files and records. *See Degen*, 517 U.S. at 823. The "judgment" correspondence, which may be misread as bearing some indicia of this Court, does not originate from this Court and is not signed by this Judge or any other of this district. This Court, not the Moorish Court, has jurisdiction over this case, and it is this Court's duty to resolve this case.[10] Allowing the Moorish Court's "judgment" to remain on the docket undermines the Court's authority and inhibits its resolution of the case. Further, the "notice of removal" and "points and authority" falsely purport to divest this Court of jurisdiction. Accordingly, the "judgment," notice of removal, and points of authority will be stricken from the record.

---

[9] *See Evans-Carmichael v. United States*, 343 F. App'x 294, 296 (10th Cir. 2009); *Iota Xi Chapter of Sigma Chi Fraternity v. Patterson*, 566 F.3d 138, 150 (4th Cir. 2007); *Kelly v. FedEx Ground Package Sys., Inc.*, No. 3:10-cv-01265, 2011 WL 1584764, at *3 (S.D.W.V. Apr. 26, 2011); *Westefer v. Snyder*, Civil Nos. 00-162-GPM, 00-708-GPM, 2011 WL 766188, at *1 (S.D. Ill. Feb. 25, 2011); *Jennings v. Univ. of N.C. at Chapel Hill*, 340 F. Supp. 2d 666, 672 (M.D.N.C. 2004), *aff'd in relevant part*, 482 F.3d 686, 702 (4th Cir. 2007).

[10] *See* U.S. Const. art. III § 1 (vesting the judicial power of the United States); 28 U.S.C. § 453 (judicial oath); *O'Donoghue v. United States*, 289 U.S. 516, 547 (1933).

B.    Enjoining Khepera-Bey

Santander and Renaissance request that this Court enjoin Khepera-Bey from filing or attempting to enroll the "judgment" in any jurisdiction.  ECF No. 91-1 at 4.  They did not provide any authority for this proposition.

Under the All Writs Act, 28 U.S.C. § 1651(a), federal courts have "the authority to limit access to the courts by vexatious and repetitive litigants."  *Cromer v. Kraft Foods N. Am., Inc.*, 390 F.3d 812, 817 (4th Cir. 2004).  Before granting a prefiling injunction, the Court must consider all relevant circumstances, including, (1) Khepera-Bey's history of litigation, (2) whether he has a good faith basis for his pursuit of the litigation, (3) the burden on the courts and the defendants from his filings, and (4) the adequacy of alternative sanctions.  *Id.* at 818.

Khepera-Bey is not a model litigant.  In addition to his purported "removal" to the Moorish Court, he has filed numerous motions in this case, containing duplicative unsupported allegations.  *See, e.g.*, ECF Nos. 33, 37-39, 59-61.

This is not Khepera-Bey's only case in this district.  In 2011, a suit was removed from the Circuit Court for Baltimore City, where Khepera-Bey had sued Citifinancial Auto Corporation concerning the same vehicle.  *See Khepera-Bey v. Citifinancial Auto Corp.*, Civil No. ELH-11-3756 ECF No. 2.  After the

7

complaint was dismissed by Judge Ellen L. Hollander, Khepera-Bey filed his notice of appeal, stating the appeal was to the Moorish Court. *Id.* ECF No. 32. This Court transferred the record to the Fourth Circuit, which subsequently dismissed the appeal under Fed. R. App. P. 42(b).[11] Khepera-Bey sued Judge Hollander, asserting that she is a non-citizen and lacks judicial authority. *See Khepera-Bey v. Hollander*, Civil No. CCB-12-2150 ECF No. 1. That case was summarily dismissed. *Id.* ECF No. 2. Accordingly, Khepera-Bey's litigation history does not show a good faith intention to litigate within the federal court system, to follow its rules, or refrain from duplicative and unwarranted motions and suits.

Second, Khepera-Bey does not have a good faith basis for filing the "judgment" in any court in the United States. The Moorish Court is not a court of the United States or of any state or territory; its laws and rulings are not binding. *See De Bey v. Ohio*, No. 3:11CV2101, 2012 WL 176586, at *4 (N.D. Ohio Jan. 20, 2012). Further, the "judgment" may be misread as containing some indicia of authority of this Court. The only reason for Khepera-Bey to attempt to file or enroll the "judgment" would be to collect damages to which he has not shown an entitlement.

---

[11] *See* No. ELH-11-3756 ECF No. 37; *see also id.* ECF No. 35 (correspondence from Khepera-Bey stating that the appeal was not to the Fourth Circuit but the Moorish Court).

The burden on the courts from filing Khepera-Bey's judgment may be small: reviewing the "judgment" and ruling on the defendants' motions, such as one to strike.  The potential harm to the defendants may be incalculable if the "judgment" were enforced or entered in other courts.  Santander and Renaissance may appear to be liable for the millions of dollars demanded in the non-binding "judgment."

Finally, no other sanction is adequate.  Preventing Khepera-Bey from filing a single set of documents is a minor sanction, compared to a general prefiling injunction.  Further, this Court is likely without the ability to enjoin all other courts from enforcing the judgment.  *See* 28 U.S.C. § 2283; *Richmond Tenants Org., Inc. v. Kemp*, 956 F.2d 1300, 1308-09 (4th Cir. 1992).  Accordingly, enjoining Khepera-Bey from attempting to file or enroll the judgment in any court is "narrowly drawn to fit the specific vice encountered."[12]  The injunction will be entered.

---

[12] *Castro v. United States*, 775 F.2d 399, 409 (1st Cir. 1985), *abrogated on other grounds, Stevens v. Dep't of Treasury*, 500 U.S. 1 (1991).
    Additionally, the general requirements for a preliminary injunction have been met.  To obtain a preliminary injunction, the defendants would have to demonstrate that (1) they are likely to succeed on the merits; (2) they are likely to suffer irreparable harm absent preliminary relief; (3) the balance of equities favors them; and (4) an injunction is in the public interest.  *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).  The defendants would likely succeed on the merits in a challenge to the enrollment of the judgment because it is

C.    Attorneys' Fees

Santander and Renaissance request the attorneys' fees they incurred to bring the motion to strike but have cited no authority for such an order.   To the extent the defendants rely upon Rule 11, they have not shown that the Rule applies or that they have followed the procedure for a sanction.   *Cf*. Fed. R. Civ. P. 11(c).   28 U.S.C. § 1927 similarly does not permit sanctions in this case. [13]

---

not a valid judgment entitled to full faith and credit.  They would likely suffer irreparable harm because of the enormous cost of the judgment, its invalidity, and the inability to calculate their actual harm.  *See Multi-Channel TV Cable Co. v. Charlottesville Quality Cable Operating Co.*, 22 F.3d 546, 551 (4th Cir. 1994).  The balance of the equities favors the defendants because Khepera-Bey is attempting to undermine the judicial system, and the defendants have done nothing wrongful regarding the judgment.  Finally, the public interest favors prohibiting the enrollment of fraudulent judgments.  *See Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238, 244 (1944).

[13] 28 U.S.C. § 1927 permits sanctions against attorneys who "mulitpl[y] the proceedings . . . unreasonably and vexatiously." The Fourth Circuit has not ruled on the applicability of § 1927 to *pro se* parties, and the other courts of appeals are split on the issue.  *See Inst. of Motivational Living, Inc. v. Doulos Inst. for Strategic Consulting, Inc.*, 110 F. App'x 283, 286 (3d Cir. 2004).  Although no court in this district has ruled on the issue, the majority of the district courts in this circuit hold that § 1927 does not apply to *pro se* litigants.  *See Sharp v. Town of Kitty Hawk*, No. 2:11-CV-13-BR, 2011 WL 5520432, at *1 (E.D.N.C. Nov. 14, 2011) (collecting cases).  *But see Tate v. Sallie Mae, Inc.*, No. 3:10-CV-386, 2012 WL 2860566, at *1 & n.1 (W.D.N.C. July 11, 2012) (applying § 1927 to *pro se* litigant). Accordingly, the Court will not impose sanctions on this basis.

An inherent power of this Court is to impose "an appropriate sanction for conduct which abuses the judicial process." *Chambers*, 501 U.S. at 44-45.  One of the grounds for imposing sanctions is when "a party has 'acted in bad faith, vexatious, wantonly, or for oppressive reasons.'"[14]  "[I]f a court finds 'that fraud has been practiced upon it, or that the very temple of justice has been defiled,' it may assess attorney's fees against the responsible party."[15]  Similarly, attorneys' fees may be assessed "when a party 'shows bad faith by delaying or disrupting the litigation or by hampering enforcement of a court order.'"[16]

Here, Khepera-Bay has acted in bad faith by filing the "judgment" without legal justification.  If the "judgment" were enrolled elsewhere, it would be a fraud on the court enforcing it.  The "removal" and "judgment" have disrupted this litigation and may hamper--or be confused with--a judgment entered by this Court.  Following the "great[] restraint and caution" that the Court must exercise in the use of its inherent authority, the sanction for Khepera-Bey's behavior will be limited to reimbursement for reasonable attorneys' fees incurred by

[14] *Id.* at 45-46 (*quoting Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 258-259 (1975)).

[15] *Id.* at 46 (*quoting Universal Oil Prods. Co. v. Root Refining Co.*, 328 U.S. 575, 580 (1946))

[16] *Id.* (*quoting Hutto v. Finney*, 437 U.S. 678, 689 n. 14 (1978))

Santander and Renaissance.[17]  *See United States v. Shaffer Equip.*
*Co.*, 11 F.3d 450, 461 (4th Cir. 1993).  Accordingly, Santander
and Renaissance may submit documentation of the costs and fees
incurred in filing the motion to strike for reimbursement by
Khepera-Bey.

III. Conclusion

For the reasons stated above, the motion to strike will be
granted.  The "judgment" and other Moorish Court documents will
be stricken, Khepera-Bey will be enjoined from filing or
attempting to enroll the "judgment" in any court, and the
defendants are invited to file documentation of their costs and
fees.

_1/10/13_____
Date

_____
William D. Quarles, Jr.
United States District Judge

---

[17] Khepera-Bey is warned that further abuse of the federal
litigation process may result in harsher sanctions.