IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| KALLIATEN SEKHNEB KHEPERA-BEY | * | |
| Plaintiffs, | * | |
| v. | * | Case No. WDQ-11-1269 |
| SANTANDER CONSUMER USA INC., *et al.*, | * | |
| | * | |
| Defendants. | * | |

\* \* \* \* \* \*

**REPORT AND RECOMMENDATION**

This Report and Recommendation addresses Defendant Renaissance Recover Solutions LLC's ("Renaissance") Motion for Sanctions Pursuant to Federal Rules 37(d) and 41(b). ECF Nos. 95, 95-1 to 95-3.[1] Plaintiff Kalliaten Sekhneb Khepera-Bey ("Khepera-Bey") has not filed a response, and the time for doing so has passed. *See* Loc. R. 105.2.a. Having reviewed the filings, I find that a hearing is not necessary. *See* Loc. R. 105.6. For the reasons stated herein, I recommend that, following the time to object to this Report and Recommendation, Defendant Renaissance's Motion for Sanctions be granted and Plaintiff's case be dismissed with prejudice.

**I.     FACTUAL AND PROCEDURAL HISTORY**

On May 6, 2011, Khepera-Bey commenced the present action against Defendant Santander Consumer USA, Inc. ("Santander") and Renaissance (collectively "Defendants"), alleging that Defendants had violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692p, and the Maryland Fair Debt Collection Practices Act, Md. Code Ann., Comm. Law § 14-

---

[1] On November 1, 2012, in accordance with 28 U.S.C. § 636 and Local Rules 301 and 302, Judge Quarles referred this case to then-Chief Magistrate Judge Paul Grimm to resolve discovery disputes and related scheduling matters. On December 20, 2012, and after the elevation of Judge Grimm to United States District Judge, this case was reassigned to me for discovery matters.

202; and that Defendants had committed fraud, extortion, theft, and intentional infliction of emotional distress. *See* ECF No. 31. Khepera-Bey's allegations stem from a retail installment contract relating to the sale and financing of a 2003 Nissan Pathfinder that took place in 2006. *See* ECF No. 1. On October 13, 2011, Santander answered and counterclaimed against Khepera-Bey under the retail installment sales contract for the vehicle. *See* ECF Nos. 76, 79. Throughout the course of the case, Khepera-Bey filed many frivolous motions that have delayed the timely progression of the case. *See* ECF Nos. 28, 74 (memorandum opinions discussing motions).

On August 17, 2012, Khepera-Bey filed a "notice of removal" purporting to remove this case to the "Moorish Supreme Court of Equity and Truth," and subsequently a "judgment" by the Moorish Court in Khepera-Bey's favor against Defendants.[2] On September 6, 2012, Renaissance served interrogatories and a request for production of documents on Khepera-Bey. *See* ECF No. 84 at 1. On October 25, 2012, Renaissance moved to compel Khepera-Bey to respond to its interrogatories and request for production of documents. ECF No. 84. On November 21, 2012, then-Chief Magistrate Judge Paul Grimm granted the motion ("the Order"), ordering that Khepera-Bey serve on Renaissance complete and non-evasive responses within 45 days.[3] Judge Grimm cautioned Khepera-Bey that in the event he failed to comply with the Order, a requesting party could file a motion for sanctions, and the Court could issue a sanction "dismissing the action or proceeding in whole or in part." ECF No. 89 at 4-5. On December 3, 2012, Khepera-Bey filed a copy of Judge Grimm's Order with the words "VOID CASE WAS REMOVED," "VOID CASE REMOVED," and "VOID" handwritten on the Order. ECF No. 92.

---

[2] On January 10, 2013, Judge Quarles ordered, among other things, that the documents Khepera-Bey filed in this case related to the Moorish Court and its "judgment" were to be stricken from the record. *See* ECF Nos. 96, 97.

[3] Notably, Khepera-Bey filed the since-stricken "judgment" of the Moorish Court on November 26, 2012, several days after Judge Grimm's Order.

On January 10, 2013, Renaissance filed a Motion for Sanctions. ECF No. 95. Renaissance requests, pursuant to Rules 37(d) and 41(b) of the Federal Rules of Criminal Procedure, that the Court dismiss Khepera-Bey's lawsuit with prejudice. Renaissance's Motion is not accompanied by a Certificate of Good Faith, as required by Local Rule 104.7. The Motion does, however, contain a chain of email correspondence between counsel for Renaissance and Khepera-Bey, in which Khepera-Bey signals his intention to disregard Judge Grimm's Order compelling production of discovery and to not further participate in this case. *See* ECF Nos. 95 at 6, 95-3. Renaissance seeks dismissal of this action with prejudice, and an award of its reasonable attorney's fees and costs incurred in making its Motion for Sanctions. As noted, Khepera-Bey has not responded to Renaissance's Motion.

## II.   DISCUSSION

District courts have the authority to dismiss cases under Fed. R. Civ. P. 37(b)(2)(A) when a party fails to comply with a discovery order, as well as under Fed. R. Civ. P. 37(d) and 41(b) as part of the courts' "comprehensive arsenal of Federal Rules and statutes to protect themselves from abuse." *Chambers v. NASCO, Inc.,* 501 U.S. 32, 62 (1991). Rule 37(b) provides that the court may "dismiss[ ] the action or proceeding in whole or in part" if a party "fails to obey an order to provide or permit discovery." Fed. R. Civ. P. 37(b)(2)(A)(v). Likewise, Rule 37(d) provides that the Court may order sanctions, including dismissal, if "a party, after being properly served with interrogatories under Rule 33 or a request for inspection under Rule 34, fails to serve its answers, objections, or written response." Fed. R. Civ. P. 37(d)(1)(A)(ii), (d)(3). Further, Fed. R. Civ. P. 41(b) provides that the court may dismiss an action "[i]f the plaintiff fails to prosecute or to comply with . . . a court order."

"Dismissal with prejudice is ordinarily reserved for the most egregious cases." *Sadler v. Dimensions Health Corp.*, 178 F.R.D. 56, 59 (D. Md. 1998) (citing *Dove v. Codesco*, 569 F.2d 807, 810 (4th Cir. 1978), in which the Court stated that dismissal with prejudice under Rule 41(b) was only for "clear record of delay or contumacious conduct by the plaintiff"). Indeed, "only the most flagrant case, where the party's noncompliance represents bad faith and callous disregard for the authority of the district court and the Rules, [should] result in the extreme sanction of dismissal or judgment by default." *Mut. Fed. Sav. & Loan Ass'n v. Richards & Assocs., Inc.*, 872 F.2d 88, 92 (4th Cir. 1989). To that end, before ordering dismissal under Rule 37(b) or (d), the court applies a four-factor test: "'(1) whether the non-complying party acted in bad faith; (2) the amount of prejudice that noncompliance caused the adversary; (3) the need for deterrence of the particular sort of non-compliance; and (4) whether less drastic sanctions would have been effective.'" *Bethesda Softworks LLC v. Interplay Entm't Corp.*, No. DKC–09–2357, 2011 WL 1559308, at *2 (D. Md. Apr. 25, 2011) (quoting *Belk v. Charlotte Mecklenburg Bd. of Educ.*, 269 F.3d 305, 348 (4th Cir. 2001)); *see Mut. Fed. Sav. & Loan Ass'n*, 872 F.2d at 92.

Prior to dismissal under Rule 41(b), the court must consider four similar factors: "(1) the plaintiff's degree of personal responsibility; (2) the amount of prejudice caused the defendant; (3) the presence of a drawn out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal." *Hillig v. Comm'r of Internal Review*, 916 F.2d 171, 174 (4th Cir. 1990). "[T]he Court will combine the two tests in determining if dismissal is appropriate under Rules 37(d) and 41(b)" because the legal standards for dismissal under both rules are "'virtually the same.'" *Taylor v. Fresh Fields Markets, Inc.*, 1996 WL 403787, at *2 (W.D. Va. June 27, 1996) (quoting *Carter v. Univ. of W. Va. Sys.*, 23 F.3d 400, 1994 WL 192031, at *2 (4th Cir. 1994)); *see, e.g., Tabor v. E.J. Patterson, Inc.*, No. Civ. A. 98–

2438, 1999 WL 52144 (E.D. La. 1999) (analyzing facts under Fed. R. Civ. P. 37(d) and 41(b) together and dismissing without prejudice *pro se* plaintiff's claims where plaintiff twice failed to appear for his scheduled deposition). The Court also considers whether the party facing dismissal or a default judgment is aware of these possible sanctions. *See Green v. Chatillon & Sons*, 188 F.R.D. 422, 424 (M.D.N.C. 1998) (dismissing case with prejudice and noting that the plaintiff had "already been explicitly warned that her continued failure to provide discovery could lead to such a sanction"); *Sadler*, 178 F.R.D. at 59–60 (noting that "district courts must precede dismissal with an 'explicit and clear' threat to a party that failure to meet certain conditions could result in dismissal of the party's case with prejudice").

### A. Khepera-Bey's Bad Faith and Personal Responsibility

Under both tests, the Court must first consider Khepera-Bey's bad faith and personal responsibility in failing to comply with the Court's discovery order. As noted above, Khepera-Bey failed to respond to Renaissance's interrogatories, which prompted the Court's Order compelling the production of discovery. Here, as when Renaissance moved for an order compelling production of discovery, Khepera-Bey failed to respond to the motions, or attempt to justify his failure to respond to discovery requests in compliance with the Court's order. In fact, Khepera-Bey filed a copy of the Court's Order with the word "void" handwritten on the Order. *See* ECF No. 92.

"Failure to respond to interrogatories can merit dismissal or default." *Green*, 188 F.R.D. at 424 (citing *Nat'l Hockey League v. Metro. Hockey Club*, 427 U.S. 639, 643 (1976), and *Daye v. Gen. Motors Corp.*, 172 F.R.D. 173, 179 (M.D.N.C. 1997)). Moreover, noncompliance with discovery orders supports a finding of bad faith. *Id.* In *Green*, the plaintiff demonstrated bad faith when she failed to comply with a magistrate judge's "order directing her to respond to [the

defendant's] interrogatories and requests for documents." *Id.* Similarly, Khepera-Bey has demonstrated his bad faith by failing to comply with the Order compelling the same, and more broadly by essentially abandoning his claim in this Court, not only by refusing to provide requested and ordered discovery, but also by ceasing all efforts to prosecute the case he initiated.

Khepera-Bey's disregard for the Federal Rules of Civil Procedure and Local Rules of this Court, as well as this Court's orders demonstrates a "pattern of indifference and disrespect to the authority of the court." *Mut. Fed. Sav. & Loan Ass'n*, 872 F.2d at 93. Khepera-Bey has acted in bad faith.

### B. The Materiality of the Evidence Withheld and Prejudice to Other Parties

The second factor the Court must consider is the materiality of the evidence withheld by Khepera-Bey and whether Renaissance has suffered any prejudice. Considering that "[t]he purpose of pre-trial discovery is for a litigating attorney to obtain information from the opposing party, information which in many cases is not otherwise available," *Middlebrooks v. Sebelius*, Civ. No. PJM 04–2792, 2009 WL 2514111, at *3 (D. Md. Aug. 13, 2009), Renaissance has suffered significant prejudice as a result of Khepera-Bey's continued noncompliance with discovery requests. The evidence sought by Renaissance's initial discovery request goes to the heart of Khepera-Bey's claim and Khepera-Bey's failure to answer even a single interrogatory prejudices Renaissance's ability to prepare a defense. *See Anderson v. Found. for Advancement, Educ. & Emp't of Am. Indians*, 155 F.3d 500, 505 (4th Cir. 1998). In addition, Khepera-Bey's frivolous motions and filings, and his noncompliance with the rules and orders of this Court have prompted Renaissance to file a motion to compel and the instant Motion for Sanctions, among other motions. Renaissance suffered additional prejudice in the form of added expenses, aggravation, and delay.

    **C.**    **Khepera-Bey's History of Dilatoriness and the Need for Deterrence**

The third factor the Court must consider is whether Khepera-Bey's conduct is isolated, or is part of a history of dilatoriness, and the need to deter such conduct. Renaissance notes in its Motion that Khepera-Bey has failed to comply with the rules of procedure in this Court, and this Court's orders concerning the scheduling of discovery, and the production of discovery. ECF 95 at 6. The history of Khepera-Bey's dilatory conduct has been outlined previously. *See* ECF No. 96. In particular, Khepera-Bey's filing of documents with this Court with the words "void" written on them, and Khepera-Bey's communication with opposing counsel through email about the removal of this case to the Moorish Court are prime examples of conduct that requires deterrence. *See Mut. Fed. Sav. & Loan Ass'n*, 872 F.2d at 93. (noting that conduct such as "stalling and ignoring direct orders of the court . . . must obviously be deterred"). Deterring egregious acts of noncompliance should prevent future litigants from "flout[ing] other discovery orders of other district courts." *Nat'l Hockey League v. Metro. Hockey Club*, 427 U.S. 639, 643 (1976). Khepera-Bey has not only ignored the rules and orders of this Court, but has filed with the Court itself documentation he believes purports to deprive this Court of jurisdiction – in the very action he initiated. Khepera-Bey's failure to comply with Judge Grimm's Order is not an isolated instance of noncompliance, and he has indicated his intent to continue to disregard the orders of this Court in the future. *See* ECF No. 95-3 ("This case is over. All those frivolous documents you're filing with the US District Court are moot.")

    **D.**    **The Effectiveness of Lesser Sanctions**

The final factor the Court must consider is whether a sanction less drastic than dismissal would be effective. No lesser sanction would be effective. Khepera-Bey has indicated again and again, in communication with opposing counsel and in filings with this Court, that "the case is

over." Nonetheless, the case remains pending, and the Defendants must continue to defend themselves. Considering the history of Khepera-Bey's conduct in this case, his belief that this Court has been divested of jurisdiction by the Moorish Court, and his failure to comply with this Court's orders, no sanction other than dismissal with prejudice would be effective.

Before dismissing a case under Fed. R. Civ. P. 37(d) and 41(b), the Court should also consider whether the party facing dismissal was aware that dismissal was a potential sanction. *See Green*, 188 F.R.D. at 424. Here, the Court's Order cautioned Khepera-Bey that dismissal was a possible sanction for his actions, and Khepera-Bey chose to write "void" on the Court's Order, file a copy with the Court, and further ignore the Order. *See* ECF Nos. 89 at 4-5, 92.

### III.    RECOMMENDATION

Accordingly, I recommend that, following the time to object to this Report and Recommendation, pursuant to Fed. R. Civ. P. 37(d) and 41(b), the Court dismiss with prejudice all of Khepera-Bey's claims against the Defendants and impose costs and attorney's fees on Khepera-Bey, to the extent that Renaissance submits satisfactory documentation of its costs and fees incurred in filing its motion for sanctions.

Date:   February 4, 2013                              /s/
                                              Timothy J. Sullivan
                                              United States Magistrate Judge